NO. 07-11-0276-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 AUGUST 12, 2011

 ______________________________

 CHRISTOPHER ALDRIDGE, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 21[ST] DISTRICT COURT OF BASTROP COUNTY;

 NO. 10,874; HONORABLE CHRISTOPHER D. DUGGAN, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 ABATEMENT AND REMAND
 Following a plea of true to the State's Motion to Revoke Community Supervision which had been granted to Appellant, Christopher Aldridge, upon his conviction for aggravated assault causing serious bodily injury, the trial court revoked community supervision and sentenced him to five years confinement and a fine of $1,824.25. When the clerk's record was filed on August 9, 2011, it came to this Court's attention that the Trial Court's Certification of Defendant's Right of Appeal contained in the clerk's record is not signed by Appellant as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure.
Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper Trial Court's Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record. See Tex. R. App. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by September 26, 2011. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
It is so ordered.
 Per Curiam
Do not publish.